**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **ANDREA H. MEYERS,** ) | **No. 07-31915** |
| ) | |
| **Debtor.** ) | |

## O P I N I O N

This matter is before the Court on the Trustee's motion for turnover of $973.60, representing the estate's portion of the Debtor's 2007 tax refund and the Debtor's objection to the Trustee's turnover motion. The issue in this proceeding is how to calculate the portion of the Debtor's federal and state income tax refunds that is properly a part of the bankruptcy estate and due to be turned over to the Chapter 7 Trustee.

The basic facts are undisputed. The Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code on September 25, 2007. Subsequently, the Chapter 7 Trustee filed a motion for turnover alleging that, for 2007, the Debtor had received a federal tax refund of $3,322 and a state tax refund of $216. According to the Trustee, the bankruptcy estate's pro rata share is 73.42% of the total of both the federal and state refunds of $3,538, which calculates to be $2,597.60.[1] Because the Debtor has $1,624 remaining in her wildcard exemption under 735 ILCS 5/12-1001(b) that she can apply against her tax refund, this brings the non-exempt portion due to the estate to $973.60. This is the amount that the Trustee is seeking to have the Debtor turn over to the bankruptcy estate.

The Debtor objected to the Trustee's motion for turnover, asserting that the amount due to the Trustee is only $349.91 from the federal tax refund and that the Trustee is not due any portion of the Debtor's state tax refund. Relying on *In re Donnell*, 357 B.R. 386 (Bankr.W.D.Tex. 2006),

---

[1]This percentage is based on the number of days in 2007, before and after the bankruptcy filing.

the Debtor specifically objects to the pro rata allocation method used by the Trustee to compute the amount of the tax refund that is part of the bankruptcy estate and asserts that the specific makeup of each tax refund needs to be examined to determine what portion, if any, is due to the estate. According to the Debtor, as of the date she filed her bankruptcy petition, she had federal taxes withheld in the amount of $4,634.91, which exceeded her total tax for the entire year of $2,661 by $1,973.91. Under the reasoning of *Donnell*, the Debtor's legal or equitable interest in the refund as of the commencement of her bankruptcy case was $1,973.91. After subtracting the remainder of the Debtor's wildcard exemption of $1,624, the amount of $349.91 remains due to the Trustee from the Debtor's federal tax refund. Because the Debtor's total state tax liability for the entire year was more than she had withheld as of the date of her bankruptcy filing, the Debtor asserts that no portion of her state tax refund is due to the Trustee.

At the hearing on the Trustee's motion for turnover, the parties agreed that there are no factual disputes regarding the amount of taxes owed or paid. The parties also agreed that some portion of the tax refund is property of the estate, and that the sole issue before the Court is how to properly calculate the estate's portion.

It is well-established that the portion of an income tax refund attributable to prepetition withholding is property of the bankruptcy estate under Section 541(a)(1), which defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1); *In re Moody*, 241 B.R. 238, 241-42 (Bankr.M.D.Fla. 1999); *see also Kokoszka v. Belford*, 417 U.S. 642, 648, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (1974) (tax refund is property of the estate within the meaning of Section 70(a)(5) of the Bankruptcy Act); *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) (property of estate includes only property that is "sufficiently rooted in the pre-bankruptcy past and so little entangled with the

bankrupt's ability to make an unencumbered fresh start").

The most generally used and least complicated method of calculating the portion due to the estate is the "pro rata by days" method to allocate a tax refund between pre and postpetition periods. *In re Trickett*, 391 B.R. 657, 661 (Bankr.D.Mass 2008) (citing *In re Orndoff*, 100 B.R. 516, 517 (Bankr.E.D.Cal. 1989)); *see also In re Webb*, 234 B.R. 96, 97 (Bankr.W.D.Mo. 1999) (applying the pro-rata by days method in determining amount of federal tax refund due to the bankruptcy estate). This method of calculating the portion of a refund attributable to the estate involves dividing a debtor's refund over a 365-day year and multiplying the resulting number by the number of days from the beginning of the year to the petition date. *Trickett*, 391 B.R. at 661.

In support of her argument for a different method of allocation, the Debtor relies on *Donnell*, 357 B.R. at 386,[2] in which the court took a different approach to calculating the amount of the tax refund that is properly a part of the bankruptcy estate. After concluding that only the portion of the refund in which the debtors had an equitable interest as of the commencement of the case was property of the bankruptcy estate, the court turned its attention to the method of allocating the refund. *Donnell*, 357 B.R. at 393. The trustee argued that the pro rata by days method was the appropriate method of apportioning the refund into prepetition and postpetition components. The debtors disagreed, asserting that the pro rata by days allocation method did not take into account evidence regarding the makeup of the refund. *Id*.

The *Donnell* court concluded that the pro rata by days allocation method is not the sole means for determining the amount of the estate's ownership interest in a tax refund and that other facts may be relevant to making this determination; therefore, use of the pro rata by days method is not mandatory. *Id*. at 394-95. The *Donnell* court further determined that the trustee bears the

---

[2]This is the only case that this Court could find that did not use the pro rata method to determine the allocation between prepetition and postpetition withholding.

burden of proof to show by a preponderance of the evidence the proportion of the refund belonging to the bankruptcy estate. *Id.* at 396. Absent any other proof on the question, the *Donnell* court acknowledged that a calendar allocation is at least some evidence to support the trustee's position. *Id*. The problem with the pro rata by days method, according to the *Donnell* court, is that it rests on assumptions that cannot be presumed as a matter of evidence. Specifically, the pro rata by days method assumes that a debtor's legal or equitable interest in a tax refund increases linearly over the course of the tax year. *Id*. It also assumes that the debtor had a steady income during the tax year, had regular withholding of income taxes throughout the tax year, and had an interest in tax credits that grew regularly over the tax year. *Id*. However, the *Donnell* court further found that these assumptions were belied in the case before it by the evidence presented by the debtors showing that income and credits were not accumulating with regularity through the tax year and therefore something more was required than judicial notice of the filing date and the calendar for the trustee to prevail. *Id.* at 396-97. Accordingly, the *Donnell* court concluded that each of the components of the tax refunds at issue needed to be examined to determine whether, on the petition date, the debtor possessed a legal or equitable interest in that component and, if so, the amount of that interest. *Id*. at 397. According to the *Donnell* court, the evidence showed that the components of the tax refunds at issue were wage withholdings, earned income credits and additional child tax credits. *Id.*

   During the argument before this Court, the Debtor conceded that *Donnell* is not precedential authority in the Seventh Circuit, but asserted that it is persuasive because the technical analysis is exhaustive and it correctly states the law. The Debtor asserts that the pro rata by days method is only a superficial analysis from the standpoint of both tax law and bankruptcy law. Following the reasoning of *Donnell*, the Debtor asserts that the only part of the income tax withholding that can

be part of the bankruptcy estate is the amount that was withheld prepetition and that amount must be compared to the total amount of the Debtor's tax liability for the entire year. Further following the reasoning of *Donnell*, the Debtor asserts that, because only the Debtor can make an election to separate her tax liability into two components and if she does not do so, her contingent interest in collecting the income tax refund is dependent on circumstances that happen later in the year, such as how much the Debtor earns and how much the Debtor has withheld from postpetition earnings. Because of all these variables, the Trustee cannot take the entire amount of the refund and prorate it. Finally, the Debtor asserts that the child tax credit and the dependent care credit increase the amount of money that is available to the bankruptcy estate because subtracting those credits lowers the amount of the total tax.

In response, the Trustee asserted that by following the Debtor's method, unsecured creditors of the Debtor's estate would be paying the Debtor's postpetition tax. If the pro rata by days method is used, however, the estate will get the proper portion of the tax refund without forcing the estate creditors to pay the postpetition tax. The Trustee further pointed out that, while anything *could* happen postpetition, in this case the Court should focus on what *did* happen: the Debtor made the normal income she usually made and had normal withholding over the course of the tax year. For that reason, the pro rata by days method is the appropriate and most fair method to use in this case.

The opinion in *Donnell* first determined whether the pro rata by days method was the only method or whether other methods could be used. After determining that other methods could be used, the *Donnell* court goes on to discuss an alternative method that could be used. While this Court disagrees with both the reasoning and the result in *Donnell*, it need not set forth the basis of that disagreement because even if this Court agreed with *Donnell*, the facts of the case before this

Court do not justify applying the method used in *Donnell.*

The Bankruptcy court for the district of Massachusetts recently declined the Debtor's invitation to follow the reasoning of *Donnell*, asserting that it would not "dissect the Debtor's tax return to determine the portion of the Debtor's refund attributable to actual pre-petition withholding or to particular deductions, credits, individual business income and losses or exemptions." *Trickett*, 391 B.R. at 661. The *Trickett* court noted that "a pro rata by days approach may not yield a perfect result in every situation but it is better than any other available approach. It provides a bright-line test that effectuates Congress's intent as expressed in the language and legislative history of Section 541." *Id.* The court in *Trickett* noted that, even if there were circumstances that support using a different approach, such as the one taken by the court in *Donnell,* those circumstances were not present in the case before that court. *Id.* at 661 n. 4.

As in *Trickett,* the Debtor has not pointed to any circumstances that would justify departing from the pro rata by days approach in the present case. In *Donnell*, the court found that the assumptions that were implicit in the pro rata by days method of allocation were belied by evidence that neither income nor credits were accumulating with regularity through the tax year and therefore the court determined it was necessary to examine each component of the tax refunds at issue. No such evidence exists in this case. The Debtor provided (1) a copy of her 2007 Form 1040 income tax return, (2) a copy of her 2007 Missouri State income tax form, and (3) a copy of her pay stub for the period ending September 25, 2007 showing the cumulative amount of federal and state withholding as of the petition date of September 25, 2007. There is no evidence that either the Debtor's income or her withholding increased postpetition or that her entitlement to the tax credits arose solely as a result of events that occurred postpetition. Accordingly, the Debtor has not established any reason to deviate from using the pro rata method of allocating the tax refund in this

case.

Under the facts of this case, to follow *Donnell* would permit the Debtor to use only pre-filing withholding ($4,634.91) against total taxes for the year ($2,661), and in so doing shift the total 2007 tax obligations to pre-filing withholding, which is part of her bankruptcy estate, to the detriment of her creditors.

Finally, although it initially appears that the Debtor is raising an issue regarding the child tax credit and the dependent care credit, the Debtor is not asking for any affirmative relief on these points. Although she discusses them in her brief, she concedes that both of these credits are taken into account to reduce the amount of the Debtor's total tax for the year. During the argument before the Court, the Debtor also acknowledged that the credits reduced the amount of her total tax and that "the Trustee really gets the benefit of the fact that [the] $1,200 [of credits] increased the amount of the refund."

For the reasons set forth above, the Court overrules the Debtor's objection and grants the Trustee's motion for turnover of $973.60 to the bankruptcy estate. A separate Order will be entered.

ENTERED: March 24, 2009

                                                  /s/ William V. Altenberger
                                       UNITED STATES BANKRUPTCY JUDGE